## CIRCUIT COURT OF LOUDOUN COUNTY

Robert W. Herman
and Jane A. Chancler

v.

McCarthy Enterprises, Inc.

September 29, 2003

Case No. (Law) 25841

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on September 5, 2003, for argument on the Motion to Reduce Judgment filed herein by the Defendant, McCarthy Enterprises, Inc. After consideration of the argument and the memoranda filed by the parties, the motion is denied.

After a three-day jury trial, a verdict was returned against McCarthy in favor of the Plaintiffs, Robert W. Herman and Jane A. Chancler, in the amount of $75,500.00, in this case involving alleged construction defects including the installation of synthetic stucco (more specifically, Exterior Insulation and Finish System or "EIFS") pursuant to a contract between the Plaintiffs and McCarthy. The case went to jury on causes of action for breach of contract (defective construction including the application of EIFS) and constructive fraud (innocent or negligent misrepresentation about the EIFS).

Prior to trial, the Plaintiffs participated in a class-action lawsuit against the manufacturer of the EIFS in the Superior Court of New Hanover County, North Carolina. The Plaintiffs participated in a settlement agreement, and they received a check in the amount of $9,116.28. It is clear from the Settlement Agreement (copy attached to the Defendant's Reply) that the class action litigation involved the defective nature of the EIFS product and that, by participating in the settlement, the Plaintiffs released the manufacturer from liability for the allegedly defective product.

McCarthy asks the Court to reduce the jury verdict of $75,500.00 by $9,116.28, the amount of the Plaintiffs' settlement with the manufacturer.

McCarthy's Motion is based upon Va. Code § 8.01-35.1, which in pertinent part, provides:

> A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:
>
> 1. It shall not discharge any of the other tortfeasors from liability for the injury, property damage, or wrongful death unless its terms so provide; but any amount recovered against the other tortfeasors or any one of them shall be reduced by any amount stipulated by the covenant or the release, or in the amount of the consideration paid for it, whichever is the greater. In determining the amount of consideration given for a covenant not to sue or release for a settlement which consists in whole or in part of future payment or payments, the court shall consider expert or other evidence as to the present value of the settlement consisting in whole or in part of future payment or payments. A release or covenant not to sue given pursuant to this section shall not be admitted into evidence in the trial of the matter but shall be considered by the court in determining the amount for which judgment shall be entered; and
>
> 2. It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

McCarthy argues that it and the manufacturer are joint tortfeasors liable for the same indivisible injury; and, therefore, the amount recovered from McCarthy should be reduced by the amount received by the Plaintiffs under the release of the manufacturer.

The Plaintiffs oppose the motion for several reasons. First, they assert that the collateral source rule prevents the reduction. Second, they argue that Va. Code § 8.01-35.1 does not apply because there is no release, there is no one indivisible injury, and McCarthy and the manufacturer are not joint tortfeasors. Finally, they assert that, even if McCarthy is entitled to some credit, it should be reduced by the Plaintiffs' costs in participating in the class-action suit.

The collateral source rule traditionally does not apply to settlement proceeds. *Acordia Ins. v. Genito Glenn, L.P.*, 263 Va. 377, 388 (2002). The reasoning of the Virginia Supreme Court in *Acordia* is equally applicable to this case. The Plaintiffs were not themselves responsible for the benefit, as by

maintaining insurance or by advantageous employment arrangements. The settlement was not a gift or one established for the Plaintiffs by law. This rationale does not apply in the settlement of litigation from one of multiple tortfeasors. 263 Va. at 387.

Va. Code § 8.01-35.1 does not apply. The Plaintiffs did release the manufacturer when they received the settlement in the class action litigation. I will assume without deciding that McCarthy and the manufacturer are joint tortfeasors. However, McCarthy has not shown that it and the manufacturer are liable for the same indivisible injury as required by Va. Code § 8.01-35.1. McCarthy cannot do so because of the nature of the jury verdict in this case.

As stated in *Acordia* this Court must decide whether the release given to the manufacturer was "given ... to two or more persons liable in tort for the same injury, or the same property damage." 263 Va. at 390.

When the case was submitted to the jury, the parties agreed upon a verdict form that merely provided for a finding in favor of the Plaintiffs "on the issues joined" and fixing an amount for their damages. The jury found for the Plaintiffs and fixed their damages at $75,500.00, an amount considerably below the damages claimed by the Plaintiffs.

Because of the general nature of the verdict and the fact that this case went to the jury on two causes of action, no one is able to determine whether the jury found McCarthy liable for breach of contract or constructive fraud, or both, or to determine how the jury arrived at the damages awarded.

Any injury to the Plaintiffs because the manufacturer produced a defective EIFS, which was applied to their home, must relate to all the EIFS applied. The settlement with the manufacturer was based on the square footage of EIFS applied to the home. On the other hand, the injury caused by breach of contract by McCarthy (defective application of the EIFS) did not under the evidence occur every place that the EIFS was applied. The Plaintiffs' evidence showed that only in certain places was the application of the EIFS defective. The Plaintiffs may argue that the complete replacement of the EIFS is the only way to remedy the defective application, but the evidence of the Defendant was to the contrary. The jury was not required to find that, if McCarthy applied the EIFS defectively in the places shown by the Plaintiffs' evidence, that the only remedy was a complete replacement. The Plaintiffs claimed damages for complete replacement of the EIFS. The jury did not award the Plaintiffs all the damages they claimed. It would be speculative to determine that the jury found the cost of complete replacement of the EIFS as part of the damages awarded.

I think that it is a good argument that the injury to the Plaintiffs for constructive fraud would be an injury as to all the EIFS on the Plaintiffs'

home. Hence, the injury for the defective product and for constructive fraud would be the same. The Plaintiffs' evidence as to constructive fraud was that McCarthy innocently or negligently misrepresented that the EIFS was as good, if not better, than genuine stucco. However, there is no way to tell if the jury found McCarthy liable for constructive fraud.

McCarthy has not shown that it and the manufacturer are liable for the same injury. Therefore, the reduction provisions of Va. Code § 8.01-35.1(A) do not apply.

In light of this ruling, there is no need to deal with the issue of whether the reduction provisions of Va. Code § 8.01-35.1(A) apply when one claim is in tort and the other is in contract.

Let Mr. Allen prepare the final judgment order from the jury trial including the denial of McCarthy's motion.